I concur as to Part I. *Page 1137 
As to Part II, dealing with the McCarran-Ferguson issue, I dissent. The harangue from nonjudicial sources, made in an attempt to force a decision from this Court on the McCarran-Ferguson issue in cases in which that issue was not properly before this Court, has been too loud. The attorneys in this action are to be commended for presenting excellent and well-reasoned briefs and oral arguments and for addressing this important legal issue in a most professional and judicious manner. I greatly appreciate this. I am neither pro-arbitration nor anti-arbitration, because, as a Justice voting on arbitration issues, I am not permitted to be either. However, I am pro- public policy constitutionally established by the Alabama Legislature, and I am pro-Supremacy Clause as interpreted by the United States Supreme Court, because I am required to be both. The tension between these two interests — Alabama public policy and the supremacy of United States Supreme Court precedent — will always exist; however, in this case, I believe the McCarran-Ferguson Act relieves that tension.
Alabama public policy is against the specific enforcement of arbitration agreements. See Ala. Code 1975, § 8-1-41(3); SouthernEnergy Homes, Inc. v. Lee, 732 So.2d 994, (Ala. 1999) (Houston, J., concurring specially). The making of public policy in Alabama is the exclusive province of the Legislature, and that province is not to be intruded upon by the judiciary. M Assocs., Inc. v. Cityof Irondale, 723 So.2d 592, 599 (Ala. 1998). However, we have held, consistent with United States Supreme Court precedent, that the Federal Arbitration Act preempts § 8-1-41(3), thereby allowing specific enforcement of arbitration agreements that involve interstate commerce. See Crown Pontiac, Inc. v. McConnell, 695 So.2d 615
(Ala. 1997); see also Hurst v. Tony Moore Imports, Inc., 699 So.2d 1249,1251 (Ala. 1997). The McCarran-Ferguson Act, 15 U.S.C. § 1012,[3]
would "reverse-preempt" the FAA's preemption and restore Alabama's statutory prohibition of the specific enforcement of arbitration agreements if, as the Court has written in its opinion in this case,
 "(1) the federal statute at issue [the FAA] does not `specifically relate to the business of insurance'; (2) the state statute was `enacted "for the purpose of regulating the business of insurance'"; and (3) application of the federal statute `"invalidate[s], impair[s], or supersede[s]'" the state statute."
757 So.2d at 1131 (citing United States Dep't of the Treasury v. Fabe,508 U.S. 491, 500-01 (1993)). The Court concludes that the McCarran-Ferguson Act does not "reverse-preempt" the FAA because, it holds, the second factor of the Fabe test is not present; namely, that § 8-1-41(3) was not "enacted . . . for the purpose of regulating the business of insurance." 15 U.S.C. § 1012(b).
The problem with this analysis is that it focuses the inquiry on §8-1-41(3), which, as the Court correctly points out, wasnot "enacted . . . for the purpose of regulating insurance." However, the focus should be *Page 1138 
placed on § 27-14-22, which is part of the Insurance Code and was enacted for the purpose of regulating insurance. Section 27-14-22 provides:
 "All contracts of insurance, the application for which is taken within this state, shall be deemed to have been made within this state and subject to the laws thereof."
(Emphasis added.) What this "insurance-specific" provision says is that insurance contracts applied for in Alabama are controlled by all relevant Alabama laws. Section 8-1-41(3) is a duly enacted Alabama law relevant to all contracts[4] (including insurance contracts); therefore, § 27-14-22 provides the bar to the specific performance of arbitration agreements in insurance contracts.
Unlike § 8-1-41(3), § 27-14-22 has all three factors of theFabe test: (1) the FAA is not specifically related to insurance; (2) § 27-14-22 was enacted for the purpose of regulating insurance; and (3) application of the FAA would "invalidate, impair, or supersede" Alabama's statutory bar against specific enforcement of arbitration agreements. The Court, however, rejects the argument that §27-14-22 provides McCarran-Ferguson "reverse preemption" because it seems to accept the argument that § 27-14-22
"cannot alter the essential character of § 8-1-41(3)," ___ So.2d at ___, which is, of course, a statute of general application not specifically related to insurance.
Section 27-14-22 should remain the focus of the analysis. Because § 27-14-22, an "insurance-specific" statute, has within it the § 8-1-41(3) prohibition on the specific performance of arbitration agreements, § 27-14-22 itself provides everything required by the McCarran-Ferguson Act to "reverse-preempt" the FAA Cook, J., concurs.
[3] The McCarran-Ferguson Act provides:
"(a) State regulation
 "The business of insurance, and every person engaged therein, shall be subject to the laws of the several States which relate to the regulation or taxation of such business.
"(b) Federal regulation
 "No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, or which imposes a fee or tax upon such business, unless such Act specifically relates to the business of insurance: Provided, That after June 30, 1948, the Act of July 2, 1890, as amended, known as the Sherman Act, and the Act of October 15, 1914, as amended, known as the Clayton Act, and the Act of September 26, 1914, known as the Federal Trade Commission Act, as amended [15 U.S.C. § 41
et seq.], shall be applicable to the business of insurance to the extent that such business is not regulated by State law."
[4] Section 8-1-41(3) appears in the Alabama Code as part of Title 8, "Commercial Law and Consumer Protection," Chapter 1, "Contracts."